Rebecca L. Hill, USB # 06246
CHRISTENSEN & JENSEN, P.C.
257 East 200 South, Suite 1100
Salt Lake City, Utah 84111
Telephone: (801) 323-5000
Rebecca.Hill@chrisjen.com

*Attorneys For Defendant*
*Fanuc America Corporation*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREY GRITTON, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FANUC AMERICA CORPORATION, a Corporation, SANI-MATIC, INC., a Corporation, and JOHN/JANE DOES 1-10<br><br>Defendants. | **DEFENDANT FANUC AMERICA CORPORATION'S AMENDED ANSWER TO COMPLAINT AND CROSSCLAIM FOR APPORTIONMENT OF FAULT AGAINST DEFENDANT SANI-MATIC, INC.**<br><br><br>Case No. 2:22-CV-00162 DBP<br><br>Judge: Dustin B. Pead |

Pursuant to F.R.C.P. 15(a)(1), Defendant, Fanuc America Corporation ("FANUC"), by and through the undersigned counsel, hereby files an amended answer to the allegations of the Complaint, asserting additional defenses and a Crossclaim for apportionment of fault to Defendant Sani-Matic, Inc. as follows:

### FIRST DEFENSE

The Complaint, or a portion thereof, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

With respect to the specific allegations of the Complaint, FANUC admits, denies, or after conducting a reasonable investigation, denies for lack of knowledge, said paragraphs as follows:

## RESPONSE TO PARTIES, JURISDICTION & VENUE

1. As to the allegations of Paragraph No. 1, upon information and belief FANUC admits that COREY GRITTON is a resident of Tooele County, Utah.

2. As to the allegations of Paragraph No. 2, FANUC admits that it is a corporation organized under the laws of the State of Delaware and affirmatively avers that product(s) it distributed and sold were installed at TOSCA SERVICES, LLC ("TOSCA") located in Salt Lake City, Utah.

3. As to the allegations of Paragraph No. 3, FANUC admits.

4. As to the allegations of Paragraph No. 4, upon information and belief FANUC admits that SANI-MATIC, INC. is a Wisconsin Corporation, and has conducted business at TOSCA located in Salt Lake City, Utah. FANUC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 4 of the Complaint and therefore denies.

5. As to the allegations of Paragraph No. 5, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint and, therefore, denies the same.

6. As to the allegations of Paragraph No. 6, upon information and belief FANUC denies and avers that "Jane Doe 1" referred to in Plaintiff's Complaint as an employee of FANUC, is not a resident of Utah.  As to another Jane Doe potentially referred to in the allegations of

Paragraph 6, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and, therefore, denies the same.

7.      As to the allegations of Paragraph No. 7, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies the same.

8.      As to the allegations of Paragraph No. 8, FANUC avers that the location where Plaintiff was injured occurred in Salt Lake County, State of Utah.  FANUC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 8 of the Complaint and therefore denies.

9.      The allegation set forth in Paragraph 9 is a legal conclusion requiring neither an admission nor a denial by FANUC.  To the extent a response is required, FANUC admits.

10.     The allegation set forth in Paragraph 10 is a legal conclusion requiring neither an admission nor a denial by FANUC.  To the extent a response is required, FANUC admits.

## **RESPONSE TO GENERAL ALLEGATIONS**

11.     As to the allegations of Paragraph No. 11, upon information and belief FANUC avers that Plaintiff sustained an injury at TOSCA.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies the same.

12.     As to the allegations of Paragraph No. 12, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and, therefore, denies the same.

13.     As to the allegations of Paragraph No. 13, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint and, therefore, denies the same.

14.     As to the allegations of Paragraph No. 14, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint and, therefore, denies the same.

15.     As to the allegations of Paragraph No. 15, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint and, therefore, denies the same.

16.     As to the allegations of Paragraph No. 16, FANUC avers that the safety mechanism to prevent the Robot from operating when a human is in the immediate vicinity described in the Complaint would have been supplied and equipped by the integrator.

17.     As to the allegations of Paragraph No. 17, upon information and belief, FANUC avers that the Robot is surrounded by a metal fence, with a gate used for entry into the interior of the perimeter of the fence.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint and, therefore, denies the same.

18.     As to the allegations of Paragraph No. 18, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint and, therefore, denies the same.

19.     As to the allegations of Paragraph No. 19, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint and, therefore, denies the same.

20.     As to the allegations of Paragraph No. 20, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint and, therefore, denies the same.

21.     As to the allegations of Paragraph No. 21, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 and its subparts of the Complaint and, therefore, denies the same.

22.     As to the allegations of Paragraph No 22, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint and, therefore, denies the same.

23.     As to the allegations of Paragraph No 23, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint and, therefore, denies the same.

24.     As to the allegations of Paragraph No 24, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint and, therefore, denies the same.

25.     As to the allegations of Paragraph No 25, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint and, therefore, denies the same.

26.     As to the allegations of Paragraph No 26, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint and, therefore, denies the same.

27.     As to the allegations of Paragraph No 27, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and, therefore, denies the same.

28.     As to the allegations of Paragraph No 28, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint and, therefore, denies the same.

29.     As to the allegations of Paragraph No 29, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint and, therefore, denies the same.

30.     As to the allegations of Paragraph No 30, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint and, therefore, denies the same.

31.     As to the allegations of Paragraph No 31, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and, therefore, denies the same.

32.     As to the allegations of Paragraph No 32, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint and, therefore, denies the same.

33.     As to the allegations of Paragraph No 33, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint and, therefore, denies the same.

34.     As to the allegations of Paragraph No 34, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint and, therefore, denies the same.

35.     As to the allegations of Paragraph No 35, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint and, therefore, denies the same.

36.     As to the allegations of Paragraph No 36, FANUC avers that it distributed and sold the Robot, which was installed at TOSCA Services, LLC in Salt Lake City, Utah.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint and, therefore, denies the same.

37.     As to the allegations of Paragraph No 37, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and, therefore, denies the same.

38.     As to the allegations of Paragraph No 38, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint and, therefore, denies the same.

39.     As to the allegations of Paragraph No 39, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint and, therefore, denies the same.

40.     As to the allegations of Paragraph No 40, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint and, therefore, denies the same.

41.     As to the allegations of Paragraph No 41, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Complaint and, therefore, denies the same.

42.     As to the allegations of Paragraph No 42, FANUC denies the allegations as they pertain to FANUC.  As to other Defendants, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint and, therefore, denies the same.

43.     As to the allegations of Paragraph No 43, FANUC denies the allegations as they pertain to FANUC.  As to other Defendants, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and, therefore, denies the same.

44.     As to the allegations of Paragraph No. 44, upon information and belief, FANUC avers that it was contacted by TOSCA to perform service upon the Robot.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint and, therefore, denies the same.

45.      As to the allegations of Paragraph No. 45, upon information and belief, FANUC avers that one of its service personnel performed service work upon the Robot located at TOSCA during the timeframe of October 23, 2017 through October 26, 2017.  FANUC further avers that such service work involved a problem with the Robot sometimes not rebooting and such issue was limited to the Robot's operation and did not involve or affect the operation of the gate and its shutoff system for the Robot.

46.      As to the allegations of Paragraph No. 46, upon information and belief, FANUC avers that at the conclusion of the service, its service person spoke to several employees with TOSCA and indicated that the problem with the Robot's operation of sometimes not booting up was resolved.  Upon information and belief, FANUC further avers that when its service person was testing the Robot's operation following the service work on October 26, 2017, she and personnel at TOSCA noticed a problem with the operation of the gate and its safety mechanism in stopping the action of Robot, FANUC's service person talked to several employees of TOSCA about the problem, including Edward Gutierrez and Rod Lowe, and FANCU's service person advised them to have the gate and safety mechanism serviced by the integrator which installed and/or services the gate and safety mechanism.

47.      As to the allegations of Paragraph No. 47, upon information and belief, FANUC avers that at the conclusion of the service, its service person spoke to several employees with TOSCA and indicated that the problem with the Robot's operation in not rebooting was resolved.

48.      As to the allegations of Paragraph No 48, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint and, therefore, denies the same.

49.     As to the allegations of Paragraph No 49, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Complaint and, therefore, denies the same.

50.     As to the allegations of Paragraph No 50, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Complaint and, therefore, denies the same.

51.     As to the allegations of Paragraph No 51, FANUC denies.

52.     As to the allegations of Paragraph No 52, FANUC denies.

53.     As to the allegations of Paragraph No 53, FANUC denies.

54.     As to the allegations of Paragraph No 54, FANUC denies.

55.     As to the allegations of Paragraph No 55, FANUC denies.

56.     As to the allegations of Paragraph No 56, FANUC denies.

57.     As to the allegations of Paragraph No 57, FANUC denies.

58.     As to the allegations of Paragraph No 58, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58 of the Complaint and, therefore, denies the same.

## RESPONSE TO FIRST CAUSE OF ACTION
### (Negligence -FANUC and JANE DOES 1)

59.     As to the allegations of Paragraph No. 59, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

60.     As to the allegations of Paragraph No. 60, FANUC denies.  Upon information and belief, FANUC avers that one of its service personnel performed service work upon the Robot located at TOSCA during the timeframe of October 23, 2017 through October 26, 2017.  FANUC

further avers that such service work involved a problem with the Robot sometimes not rebooting and such issue was limited to the Robot's operation and did not involve or affect the operation of the gate and its shutoff system for the Robot.

61.     As to the allegations of Paragraph No. 61, upon information and belief, FANUC avers that one of its service personnel performed service work upon the Robot located at TOSCA during the timeframe of October 23, 2017 through October 26, 2017.  As to the remaining allegations, FANUC denies.

62.     As to the allegations of Paragraph No. 62, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint and, therefore, denies the same.

63.     As to the allegations of Paragraph No. 63, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint and, therefore, denies the same.  Upon information and belief, FANUC avers that when its service person was testing the Robot's operation following the service work on October 26, 2017, she and personnel at TOSCO noticed a problem with the operation of the gate and its safety mechanism in stopping the action of Robot, FANUC's service person talked to several employees of TOSCA about the problem, including Edward Gutierrez and Rod Lowe, and FANUC's service person advised them to have the gate and safety mechanism serviced by the integrator which installed and/or services the gate and safety mechanism.

64.     The allegation set forth in Paragraph 64 is a legal conclusion requiring neither an admission nor a denial by FANUC.  To the extent a response is required, FANUC denies.

65.     As to the allegations of Paragraph No. 65, FANUC denies.

66.     As to the allegations of Paragraph No. 66, FANUC denies.

67.     As to the allegations of Paragraph No. 67, FANUC denies.

68.     As to the allegations of Paragraph No. 68, FANUC denies.

69.     As to the allegations of Paragraph No. 69, FANUC denies.

### RESPONSE TO SECOND CAUSE OF ACTION
**(Negligence -SANI-MATIC)**

70.     As to the allegations of Paragraph No. 70, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

71.     The allegations of Paragraph No. 71 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

72.     The allegations of Paragraph No. 72 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

73.     The allegations of Paragraph No. 73 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

74.     The allegations of Paragraph No. 74 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

75.     The allegations of Paragraph No. 75 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

76.     The allegations of Paragraph No. 76 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

77.     The allegations of Paragraph No. 77 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

78.     The allegations of Paragraph No. 78 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

79.     The allegations of Paragraph No. 79 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

80.     The allegations of Paragraph No. 80 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

### THIRD CAUSE OF ACTION
**(Negligence – JOHN/JANE DOES 2-10)**

81.     As to the allegations of Paragraph No. 81, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

82.     The allegations of Paragraph No. 82 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

83.     The allegations of Paragraph No. 83 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

84.     The allegations of Paragraph No. 84 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

85.     The allegations of Paragraph No. 85 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

86.     The allegations of Paragraph No. 86 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

87.     The allegations of Paragraph No. 87 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

88.     The allegations of Paragraph No. 88 do not appear to be applicable to FANUC, and therefore do not require a response from FANUC.  However, to the extent such allegations may require a response from FANUC, or purport to impose liability on FANUC, the same are denied.

## RESPONSE TO FOURTH CAUSE OF ACTION
### (Res Ipsa Loquitur – All Defendants)

89.     As to the allegations of Paragraph No. 89, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

90.     As to the allegations of Paragraph No. 90 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of the Complaint and, therefore, denies the same.

91.     As to the allegations of Paragraph No. 91 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Complaint and, therefore, denies the same.

92.     As to the allegations of Paragraph No. 92 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Complaint and, therefore, denies the same.

93.     As to the allegations of Paragraph No. 93 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Complaint and, therefore, denies the same.

**RESPONSE TO FIFTH CAUSE OF ACTION**
**(Negligent Design – All Defendants)**

94.     As to the allegations of Paragraph No. 94, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

95.     The allegation set forth in Paragraph 95 is a legal conclusion requiring neither an admission nor a denial by FANUC.  To the extent a response is required, FANUC denies.

96.     As to the allegations of Paragraph No. 96 as they pertain to FANUC, FANUC avers that it distributed and sold the Robot which was installed at TOSCA and as to the remaining allegations pertaining to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint and, therefore, denies the same.

97.     As to the allegations of Paragraph No. 97 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Complaint and, therefore, denies the same.

98.     As to the allegations of Paragraph No. 98 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 98 of the Complaint and, therefore, denies the same.

99.     As to the allegations of Paragraph No. 99 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 99 of the Complaint and, therefore, denies the same.

100.    As to the allegations of Paragraph No. 100 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 100 of the Complaint and, therefore, denies the same.

## RESPONSE TO SIXTH CAUSE OF ACTION
### (Manufacturing Defect – All Defendants)

101.     As to the allegations of Paragraph No. 101, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

102.     The allegation set forth in Paragraph 102 is a legal conclusion requiring neither an admission nor a denial by FANUC.  To the extent a response is required, FANUC denies.

103.     As to the allegations of Paragraph No. 103 as they pertain to FANUC, FANUC avers that it distributed and sold the Robot which was installed at TOSCA and as to the remaining allegations pertaining to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Complaint and, therefore, denies the same.

104.     As to the allegations of Paragraph No. 104 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 104 of the Complaint and, therefore, denies the same.

105.     As to the allegations of Paragraph No. 105 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Complaint and, therefore, denies the same.

106.     As to the allegations of Paragraph No. 106 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Complaint and, therefore, denies the same.

107.    As to the allegations of Paragraph No. 107 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Complaint and, therefore, denies the same.

### RESPONSE TO SEVENTH CAUSE OF ACTION
**(Breach of Implied Warranty – All Defendants)**

108.    As to the allegations of Paragraph No. 108, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

109.    As to the allegations of Paragraph No. 109 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Complaint and, therefore, denies the same.

110.    As to the allegations of Paragraph No. 110 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint and, therefore, denies the same.

### RESPONSE TO FIFTH (SIC) CAUSE OF ACTION
**(Failure to Warn – All Defendants)**

111.    As to the allegations of Paragraph No. 111, FANUC incorporates by reference each of the preceding paragraphs of this Answer, as if fully set forth herein.

112.    The allegation set forth in Paragraph 112 is a legal conclusion requiring neither an admission nor a denial by FANUC.  To the extent a response is required, FANUC denies.

113.     As to the allegations of Paragraph No. 113 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 113 of the Complaint and, therefore, denies the same.

114.     As to the allegations of Paragraph No. 114 as they pertain to FANUC, FANUC denies.  As to the remaining allegations, FANUC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 114 of the Complaint and, therefore, denies the same.

### THIRD DEFENSE

Some or all of Plaintiff's claims made in his Complaint against FANUC are barred 78B-2-225(3) and (4), 78B-2-307(1) and (3), 78B-6-706, and 70A-2-725(1).  FANUC reserves all statutes of limitation in effect at the time and place of the subject incident as may be determined through discovery.

### FOURTH DEFENSE

Some or all of Plaintiff's claims alleged in his Complaint against FANUC are governed, barred and/or and limited by the Utah Product Liability Act, Utah Code Ann. §§ 78B-6-701, *et seq.*, including but not limited to 78B-6-703 and 78B-6-705.

### FIFTH DEFENSE

Some or all of Plaintiff's claims alleged in his Complaint against FANUC are governed, barred and/or limited by the Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817, *et seq.*

## SIXTH DEFENSE

The damages complained of in Plaintiff's Complaint were proximately caused by: 1) the negligence or other fault on the part of Plaintiff; 2) the negligence or other fault on the part of Defendant SANI-MATIC or any of its employees or agents; 3) the negligence or other fault on the part of any other Defendant; 4) the negligence or other fault on the part of Plaintiff's employer TOSCA or any of its employees or agents; and/or 5) the negligence or other fault by any other person or entity for which FANUC had no supervision or control.  In accordance with the applicable provisions of the Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817 *et seq.,* FANUC is not liable for the proportionate share of fault attributable to such parties and/or non-parties.  FANUC hereby requests a special verdict form that will assess and apportion fault as between Plaintiffs, Defendants, Plaintiff's employer TOSCA and every other person or entity involved in the subject incident.

## SEVENTH DEFENSE

The damages complained of were proximately caused by Plaintiff's own negligence or fault.  Accordingly, Plaintiff's claims are barred or reduced in accordance with the applicable provisions of the Utah Liability Reform Act, Utah Code Ann. §§ 78B-5-817 *et seq.*

## EIGHTH DEFENSE

Plaintiff's claims against FANUC should be barred to the extent that Plaintiff or any other persons or entity misused or mishandled the product(s) after sale by FANUC or after service by FANUC.

**NINTH DEFENSE**

FANUC alleges that the product(s) were altered and/or modified by persons and/or entities not supervised or controlled by FANUC and after the product(s) were designed manufactured and/or assembled by FANUC thus relieving FANUC of any responsibility to Plaintiff, TOSCA or any other end user.

**TENTH DEFENSE**

Plaintiff's claim for breach of warranty may be barred pursuant to the provisions of Utah Code Ann. § 70A-2-607(3), and/or Plaintiff's failure to give reasonable and timely notice of said alleged breach.

**ELEVENTH DEFENSE**

Any alleged strict liability, negligence, breach or other fault on the part of FANUC was superseded by new and/or independent conduct of Plaintiff, employees or agents of TOSCA and/or other third parties over whom Defendant had no supervision or control.  This Defendant also could neither anticipate nor reasonably foresee such superseding conduct, which was the actual cause of the injuries allegedly sustained by Plaintiff.

**TWELFTH DEFENSE**

Plaintiff's employer, TOSCA and/or its workers' compensation carrier are barred from any recovery by lien or otherwise, and FANUC is entitled to a set-off on any such benefits Plaintiffs have received because of the fault of TOSCA.

**THIRTEENTH DEFENSE**

Plaintiff's claims may be barred by principles of waiver, estoppel and/or the doctrines of laches.

## FOURTEENTH DEFENSE

Any recovery against FANUC, if any, should be barred or reduced based on failure to mitigate damages.

## FIFTEENTH DEFENSE

FANUC presently has insufficient knowledge or information on which to form a belief as to whether it may have further, as yet, unstated defenses available.  FANUC reserves the right to assert additional defenses in the event that discovery indicates that it would be appropriate, including, but not limited to, accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, injury by fellow servant, license, payment, release, res judicata, statute of frauds, other applicable statute(s) of limitations, failure to comply with preconditions to suit; and reserves the right to amend this answer.

## SIXTEENTH DEFENSE

Upon information and belief, Plaintiff was or may be a sophisticated user of product(s) sold by FANUC, used with products of others and integrated at his employment at TOSCA.  Thus, there was no duty for FANUC to warn Plaintiff of any alleged danger of risk inherent in the product(s) sold by FANUC or the products of others.

## SEVENTEENTH DEFENSE

Upon information and belief, FANUC alleges that Plaintiff was aware or should have been aware of any material risks pertinent to the matters alleged in Plaintiffs' Complaint.  As a result, FANUC had no duty to warn of any such alleged risk.

## CROSSCLAIM AGAINST CO-DEFENDANT SANI-MATIC, INC. FOR APPORTIONMENT OF FAULT

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, FANUC bring the following crossclaim for apportionment of fault against co-defendant Sani-Matic, Inc. named in Plaintiff's Complaint, and in support, state as follows:

## FIRST CAUSE OF ACTION
### (Apportionment of Fault)

1.     FANUC incorporates by reference all preceding paragraphs of their answer to Plaintiff's Complaint in this crossclaim as if fully set forth herein.

2.     FANUC disputes the claims and allegations set forth in Plaintiff's Complaint and deny Plaintiff IS entitled to the requested relief.

3.     Nonetheless, to preserve the right to challenge any dispositive motions filed by Co-Defendant Sani-Matic, Inc., and to ensure that the jury may allocate fault to all responsible parties on the special verdict form, FANUC crossclaims against Co-Defendant Sani-Matic, Inc.  This crossclaim is based upon the allegations in Plaintiffs' Complaint claiming that Plaintiff's alleged injuries and damages resulted from Co-Defendant Sani-Matic, Inc.'s acts and omissions.

4.     Plaintiff's damages, if any, were potentially caused by the fault of Co-Defendant Sani-Matic, Inc., Plaintiff, TOSCA or other nonparties over whom FANUC had no control or right of control.

5.     FANUC's fault if any, should be compared pursuant to the provisions of the Utah Liability Reform Act, Utah Code Ann. § 78B-5-820, *et seq*.

6.     Additionally, pursuant to this Crossclaim, FANUC reserves the right to contest any dispositive motion filed by Sani-Matic, Inc.  *See National Serv. Indus. Inc. v. B.W. Norton Mfg.*

*Co.*, 937 P. 2d 551, 556 (Utah App. 1997) ("To preserve the right to litigate [co-defendant's] liability, [defendant] must have filed a crossclaim against [co-defendant] during the underlying tort action[.]").

## CROSSCLAIM PRAYER FOR RELIEF

WHEREFORE, FANUC prays for judgment against Co-Defendant Sani-Matic, Inc. as follows:

A.      That FANUC be allowed to apportion fault to Co-Defendant Sani-Matic, Inc. and any other person/entity who may be at fault, that the jury be instructed on the apportionment of fault, and that all persons potentially at fault be placed on the jury verdict form;

B.      That FANUC be awarded their costs in defending this action; and

C.      That FANUC be awarded any further relief as the Court deems just and proper.

## FANUC'S RELIANCE UPON PLAINTIFF'S JURY DEMAND

FANUC relies upon Plaintiffs' demand for a jury made in his Complaint.

WHEREFORE, FANUC requests that the Complaint be dismissed on the merits, and that FANUC be awarded its attorney fees and expenses incurred in defending said Complaint to the extent allowed by law, and for all other relief deemed just and equitable by the Court.

DATED this 30th, day of March 2022.

CHRISTENSEN & JENSEN, P.C.

*/s/ Rebecca L. Hill*
Rebecca L. Hill
*Attorneys For Fanuc America Corporation*

**CERTIFICATE OF SERVICE**

I certify that on this 30th. day of March, 2022, the foregoing **DEFENDANT FANUC AMERICA CORPORATION'S AMENDED ANSWER TO COMPLAINT AND CROSSCLAIM FOR APPORTIONMENT OF FAULT AGAINST DEFENDANT SANI-MATIC, INC.** was filed electronically and served by the Court's Notice of Electronic Filing to all counsel of record.

*/s/ Rebecca L. Hill*