FILED
2022 JUL 6 AM 10:01
CLERK
U.S. DISTRICT COURT

KY M. PAPKE (14281)
TERRELL R. LEE (11702)
**ALTA LEGAL, LLC**
470 N. University Ave., Ste 202
Provo, UT 84601
T: 385.224.3765
F: 385.225.9478
trlee@alta-legal.com
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH

| | |
|---|---|
| COREY GRITTON, an individual,<br><br>Plaintiff<br><br>vs.<br><br>FANUC AMERICA CORPORATION, a corporation, SANI-MATIC, INC. a corporation, and JOHN / JANE DOES 1-10,<br><br>Defendants | Civil No. 2:22-cv-00162 BSJ<br><br>**MEMORANDUM DECISION AND ORDER DENYING RULE 12(b)(6) MOTION TO DISMISS ALL CLAIMS AGAINST SANI-MATIC, INC. AND MOTION TO DISMISS CROSS CLAIM OF FANUC AMERICA, CORPORATION**<br><br>District Judge Bruce S. Jenkins |

Before the court is Defendant Sani-Matic Inc.'s ("Sani-Matic") 12(b)(6) motion to dismiss all claims against Sani-Matic [Docket 8] in the present action and Sani-Matic's Motion to Dismiss Cross Claim of Fanuc America Corporation [Docket 15]. A hearing was held on June 15, 2022. Having reviewed the written memoranda and relevant pleadings, and having heard oral arguments in this matter, the court DENIES the motions brought by Sani-Matic.

### BACKGROUND

This matter arises out of an accident whereby Plaintiff alleges he was injured while working at Tosca Services, LLC. According to the allegations in the complaint, Plaintiff was struck by a large robotic arm, which Plaintiff alleges should have been disengaged at the time it

struck him. Plaintiff alleges that despite the existence of several safety and emergency shut-off mechanisms, Plaintiff was seriously injured when the robotic arm became activated while Plaintiff was standing inside the fenced area surrounding the robotic arm.

The Complaint alleges that both Sani-Matic and Fanuc America Corporation ("Fanuc") were at separate times involved in the manufacture of the Robot or its components or safety systems or software. The Complaint also alleges that both Sani-Matic and Fanuc performed extensive repairs, software modification, integration, engineering, servicing, redesign, and/or rebuilding of the Robot after its installation.

## ANALYSIS

A motion to dismiss must not be granted "unless it appears without doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bailey v. Kirk*, 777 F.2d 567, 578 (10th Cir. 1985). Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). All well-pleaded factual allegations in the Complaint must be accepted as true and viewed in the light most favorable to the nonmoving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

In its Motions to Dismiss, Sani-Matic requests the dismissal of all claims against Sani-Matic. Sani-Matic first asserts that any products liability causes of action must be dismissed as time-barred by Utah Code § 78B-6-706. Plaintiff asserts that the discovery rule extended the

Statute of Limitations and precludes dismissal on a 12(b)(6) motion to dismiss. The Court notes that Sani-Matic's reliance on the statute of limitations is an affirmative defense with the burden of proof resting on the party claiming such defense. Accordingly, the court finds that dismissal on a 12(b)(6) motion to dismiss is not appropriate in this case and the parties should be allowed an opportunity to conduct discovery related to such claims and defenses.

Sani-Matic also asserts that Plaintiff's Negligence claims and Defendant Fanuc America Corporation's Cross-Claim against Sani-Matic should be dismissed for failure to state a plausible claim for relief. Having reviewed the Complaint and Cross-Claim in this matter, and accepting the allegations as true and viewing them in the light most favorable to the non-moving parties, the Court finds that the Complaint and Cross-Claim allege sufficient facts to state a claim to relief that is plausible on its face.

## CONCLUSION AND ORDER

For the foregoing reasons, the court hereby **DENIES** Sani-Matic's Rule 12(b)(6) motion to dismiss all claims against Sani-Matic [Docket 8] in the present action and Sani-Matic's Motion to Dismiss Cross Claim of Fanuc America Corporation [Docket 15].

**IT IS SO ORDERED**.

DATED this 6 day of July, 2022.

BY THE COURT:

BRUCE S. JENKINS
United States District Judge

Approved as to Form By:

/s/ *Jeremy M. Seeley* (*with permission*)
Jeremy M. Seeley
PLANT, CHRISTENSEN & KANELL
*Attorney for Defendant Sani-Matic, LLC*

/s/ *Rebecca L. Hill* (*with permission*)
Rebecca L. Hill
CHRISTENSEN & JENSEN
*Attorney for Defendant Fanuc America Corp*